**AFFIRMED and Opinion Filed June 1, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-01106-CR**

**JEROME ANTWONE SMITH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 32030**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

In December 2017, Jerome Antwone Smith pleaded guilty to third-degree felony assault/family violence, impeding breathing or circulation and, pursuant to a plea bargain, was placed on two years' deferred adjudication community supervision.

In March 2019, the trial court amended appellant's conditions of community supervision to require him to serve ninety days in county jail and to extend his community supervision by two years. Fourteen months later, in May 2020, the State filed an amended motion to revoke and proceed to adjudication of guilt, alleging eight violations of community supervision. Specifically, the State alleged that

appellant committed new offenses of evading arrest, assault/family violence, and assault/bodily injury; failed to pay fees and court costs; failed to reimburse Hunt County for urinalysis testing; and failed to perform his community service.

At a hearing in November 2020, appellant pleaded true to all of the allegations contained in the motion, and the trial court accepted his pleas and adjudicated appellant guilty on the original offense. The case then proceeded to a punishment hearing at which appellant's probation officer and appellant testified. At the conclusion of the evidence, the trial court sentenced appellant to ten years in prison.

On appeal, appellant's court-appointed attorney filed a brief in which he concluded the appeal is wholly frivolous and without merit. He also filed an accompanying motion to withdraw as appointed counsel.

When an appellate court receives an *Anders* brief asserting no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the record. *See Anders v. California*, 386 U.S. 738, 744 (1967) (emphasizing court, and not appointed counsel, determines whether case is "frivolous" after full examination of proceedings); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting *Anders*). If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *In re Schulman*,

252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

The brief before us meets the requirements of *Anders*. It presents a professional evaluation of the record showing why, in effect, there were no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). Appellant was provided a complete record and advised of his rights to file a pro se response. He did not file a response.

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit, and we find nothing in the record that might arguably support the appeal.

We grant counsel's motion to withdraw and affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
201106F.U05

3



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

JEROME ANTWONE SMITH,
Appellant

No. 05-20-01106-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District
Court, Hunt County, Texas
Trial Court Cause No. 32030.
Opinion delivered by Justice
Reichek; Justices Molberg and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered June 1, 2022

4